FILED - GR
July 7, 2022 2:47 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB   SCANNED BY: KB /7/8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| RYAN MILLIRON | § | 1:22-cv-616 |
| | § | Robert J. Jonker - Chief U.S. District Judge |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. _____ |
| | § | |
| U.S. DEPARTMENT OF DEFENSE | § | |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

Plaintiff, Ryan Milliron, brings this suit against Defendant, United States Department of Defense ("DOD"), to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and alleges as follows:

### PARTIES

1. Plaintiff is a resident of Ottawa County, Michigan.

2. Defendant DOD is a federal agency subject to the Freedom of Information Act. DOD is headquartered at 1400 Defense Pentagon, Washington, DC 20301-1400. Plaintiff's FOIA request was directed to Defense Advanced Research Projects Agency ("DARPA"), a component or sub-agency of DOD.

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue is proper in this district because Plaintiff is a resident of, and domiciled in, Ottawa County, Michigan.

### FACTUAL BACKGROUND

4. On January 22, 2022, Plaintiff submitted a FOIA request to DARPA, requesting any emails in Angelos Keromytis's account sent to or from: Rodney Joffe, David Dagon, April Lorenzen, John Podesta, Glenn Simpson, or Gary Gensler. The data range for the requested records was from January 1, 2016, through September 28, 2018. *See* Exhibit 1.

5. Angelos Keromytis was employed by DARPA as a program manager from July 2014 until December 2018. He managed DARPA's Enhanced Attribution program.

6. "The Office of the Secretary of Defense's Office of Freedom of Information is responsible for all DARPA Freedom of Information Act (FOIA) requests."[1]

7. On February 24, 2022, DOD acknowledged receipt of the request, assigned reference number 22-FRO-0463 to the matter, and extended the time limit past the 20-day statutory time period, "as there are unusual circumstances" See 5 U.S.C §552(a)(6)(B)(i)-(iii). The only "unusual circumstance" identified by the DOD was that the requested records of DOD's sub-agency are not held within DOD's offices, which are geographically separate from the sub-agency's offices. The DOD's letter stated, "As we do not hold the records, until the required record searches are complete, we are unable to estimate the potential volume of records or the number of consultations that will be required to make a release determination." *See* Exhibit 2.

8. Apparently, the "unusual circumstances which impact [DOD's] ability to quickly process your request," referenced in DOD's response, represented an attempt to claim an extension beyond the 20-working-days' time limit for making a determination under 5 U.S.C. §552(a)(6)(A)(i). But the DOD's response (Exhibit 2) failed to comply with the provisions of 5 U.S.C §552(a)(6)(B)(i)-(iii), in that it failed to specify a date that would result in an extension of no more than 10-working days.

9. On or about February, 2022, DOD confirmed it did not intend to comply with 5 U.S.C §552(a)(6)(B)(i)-(iii). The DOD provided an estimated date of completion of June 15, 2022, within the FOIA request system but failed to provide a determination under 5 U.S.C. §552(a)(6)(A)(i). *See* Exhibit 3.

10. On June 6, 2022, Plaintiff requested confirmation that the request was on track for completion by the DOD's estimate of June 15, 2022. *See* Exhibit 4. Plaintiff received no response.

11. On June 13, 2022, Plaintiff requested confirmation that the request was on track for completion by the DOD's estimate of June 15, 2022. *See* Exhibit 5. Plaintiff received no response.

12. On June 15, 2022, Plaintiff requested confirmation that the request would be completed by the DOD's estimate of June 15, 2022. Once again, Plaintiff received no response.

---

[1] Freedom of Information, Defense Advanced Research Projects Agency, last visited July 5, 2022, https://www.darpa.mil/policy/foia.

13. From June 15 through June 17, 2022, Plaintiff called two phone numbers listed on the DOD's FOIA website[2] approximately 12 times. There was no answer.

14. On June 17, 2022, Plaintiff sent an e-mail asking for an update. DOD finally responded, stating that work on the request continued. *See* Exhibit 6. In response, and on that same day, Plaintiff requested an estimated date of completion. *See* Exhibit 7.

15. On June 21, 2022, DOD responded with a December 30, 2022, estimated date of completion, stating "your request may be completed earlier or later than expected date." *See* Exhibit 8.

16. All of the communications to Plaintiff from DOD contain boilerplate verbiage, none of which contained a "determination" as required by law. Under 5 U.S.C. §552(a)(6)(A)(i), "the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester it can appeal whatever portion of the 'determination' is adverse." *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188 (D.C. Cir. 2013) (Kavanaugh, J.). To date the DOD has performed none of these requirements.

17. Upon information and belief, the DOD's use of boilerplate language in its canned responses that avoid and evade the law's requirement that a "determination" be made and communicated to the requester and to put off indefinitely any substantive response, represents and is the product of a "policy or practice" to "impair the party's lawful access to information in the future." *Judicial Watch, Inc. v. Department of Homeland Security*, 895 F.3d 770, 777 (D.C. Cir. 2018), quoting *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988).

## COUNT ONE
### Violation of FOIA, 5 U.S.C. § 552

18. Plaintiff incorporates paragraphs 1-16 as though fully incorporated herein.

19. Defendant DOD has violated FOIA by failing to provide the documents requested by Plaintiff.

---

[2] Welcome to the Office of the Secretary of Defense and Joint Staff's FOIA Online Submission Form, Department of Defense, last visited July 5, 2022, https://pal.whs.mil/.

20. Defendant has further violated FOIA by engaging in a policy or practice to impair Plaintiff's lawful access now and in the future to documents under FOIA.

21. Plaintiff is irreparably harmed by Defendant's FOIA violation, and Plaintiff's harm will continue unless this Court orders Defendant to comply with FOIA.

## REQUEST FOR RELIEF

22. Plaintiff respectfully prays that this Court:

   a. Declare that the documents sought by Plaintiff's request are public under 5 U.S.C. 552 and must be disclosed;

   b. Order Defendant to undertake a thorough search for the requested records and provide those records to Plaintiff within 20 days of the Court's order;

   c. Enjoin Defendant from withholding non-exempt records responsive to Plaintiff's FOIA request;

   d. Grant Plaintiff an award of costs and attorneys' fees reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

   e. Grant Plaintiff any other relief the Court deems just and proper.

*Ryan Milliron*

14579 Tupelo Dr.
West Olive MI 49460

7-7-2022